Jason G. Landess, Ltd.
Jason G. Landess, Esq.
Nevada Bar No. 288
7054 Big Springs Court
Las Vegas, NV 89113
(702) 232-3913

Ulrich W. Smith, Esq.
Nevada Bar No. 2274
3990 Vegas Drive
Las Vegas, NV 89108
(702) 258-7557

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DR. RUSSELL GORDON TILLEY MILLAR, )
TRUSTEE OF THE R.G.T. MILLAR TRUST )
dated 6-28-1988 )
                                                  )
      Plaintiff, )
                                                  )    CASE NO.  2:11-cv-669
vs. )
                                                  )
CROSS FLS, LLC, a Texas limited )
liability company, )
                                                  )
     Defendant. )
_____ )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

     Comes now Plaintiff Dr. Russell Gordon Tilley Millar, Trustee of the R.G.T. Millar Trust dated 6-28-1988 ("Plaintiff") by and through the undersigned attorneys, and files this Complaint for injunctive relief and declaratory relief. This is an action under 42 U.S.C. § 1983 to address the wrongful acts of the Defendant, as well as the unconstitutionality of Nevada Revised Statute § 645B.340.

**I. Nature of Action.**

     Plaintiff alleges that Defendant Cross FLS, LLC ("Cross") is attempting to convert his personal property (money) under authority of NRS § 645B.340. Plaintiff alleges that such activity is unlawful because that statute is unconstitutional for the reasons described herein.

/ / / / /

1

**II. Jurisdiction.**

1. Plaintiff brings this action for declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. 1983. Plaintiff requests that this Honorable Court declare NRS § 645B.340 in violation of the Federal Equal Protection Clause and the Due Process Clause under the Fourteenth Amendment to the United States Constitution both facially and as applied; Article IV, Section 1 of the Constitution of the State of Nevada, both facially and as applied; the Due Process Clause of the Fifth Amendment to the United States Constitution and Article 1, Section 8(5) of the Constitution of the State of Nevada both facially and as applied; and the Takings Clause (Article I, Section 10, Clause 1) of the United States Constitution both facially and as applied.

2. Because this cause of action is based on a federal constitutional claim, this Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is proper in the District of Nevada pursuant to 28 U.S.C. §1391 because a substantial part of the events described herein occurred in Clark County, Nevada and because this is a related case to a bankruptcy case now pending in Clark County, Nevada.

4. Because this cause of action involves no claim for damages, but only a request for declaratory and injunctive relief, this suit is not barred by the Eleventh Amendment to the U.S. Constitution. Culinary Workers Union v. Del Papa, 200 F.3d 614, 619 (9th Cir. 1999).

5. This Court has in personam jurisdiction over Cross under Nevada's long-arm statute, NRS § 14.065, in that, inter alia, Cross is conducting business in Clark County, Nevada and because The Loan was negotiated and executed in Clark County, Nevada.

**III. Parties.**

6. Plaintiff Dr. Russell Gordon Tilley Millar is the Trustee of the R.G.T. Millar Trust dated 6-28-1988. At all times relevant hereto Plaintiff resides in Riverside, California.

7. Defendant Cross FLS, LLC is a Texas limited liability company regularly conducting business in Clark County, Nevada.

**IV. Facts.**

8. Plaintiff invested $60,000 into a $8,375,000 loan on or about August 31, 2005 that originated in Nevada known commonly as the Binford Medical Developers, LLC ("Binford") Loan

("The Loan"). The Loan was brokered and originated by USA Capital Mortgage Company ("USA Capital"). As security for his investment, Plaintiff (and approximately 100 other similarly situated investors) received a first position, fractional security interest in the real property pledged as security for the loan. This security interest is evidenced by a Promissory Note and First Mortgage. The Loan was additionally secured by a personal guarantee for the full amount of The Loan signed by Kenneth E. Schmidt ("Schmidt"). The property pledged as security for The Loan is approximately 17 acres located in Indianapolis, Indiana ("The Property"). The Loan is presently in default, and there are real property taxes due and owing in excess of $150,000.

9. In 2009 the Nevada Legislature enacted NRS § 645B.340 to address the problems related to a myriad of USA Capital loans that were in various stages of default because of a massive mortgage fraud scheme perpetrated by the owners of USA Capital and its affiliates. As enacted, the statute provides that," [I]f the beneficial interest in a loan belongs to more than one natural person, the holders of 51 percent or more of the outstanding principal balance may act on behalf of all the holders of the beneficial interests of record on matters which require the action of the holders of the beneficial interests in the loan . . . ." Id. The actions that may be taken by the majority involve almost anything possible regarding any given loan including, without limitation, selection of a mortgage broker or servicing agent, foreclosure, sale, refinancing, restructurting of the loan, releasing co-lenders from their obligations, trading real property interests for equity in a company, etc. The only restriction is that whatever action is taken "must be in writing." There are no other guidelines, standards, limitations, or safeguards provided to protect property owners like Plaintiff from abuse by the putative majority of this delegated legislative authority and power.

10. Cross is a Texas limited liability company presently serving as the loan servicing company for The Loan. Cross services several other loans located in various states that have been assigned to it by approval of The Honorable Robert Clive Jones in connection with the related case of In re Asset Resolution LLC, et. al., Case No. BK-S-O9-32824-RCJ. Cross charges various exorbitant fees for its services and imposes an assessment on each individual investor in each loan of approximately $240 per year. This involuntary charge is imposed on Plaintiff without his consent. The same is true for many other co-investors in The Loan and for the other

properties Cross services. If the assessment is not paid up front, Cross collects those fees when income is generated from collections related to The Loan and, without consent from Plaintiff, subtracts that amount from the amount due and owing to Plaintiff.

11. In early March of 2011, Cross sent an e-mail to Plaintiff and all other Binford investors notifying them that Cross had decided not to pursue foreclosure on The Property even though it is in default and has been so for some time. Cross further elected in its sole discretion not to pursue a joint venture proposal with Schmidt, the developer of The Property, or to sue Schmidt under his Personal Guarantee.

12. Instead, on or about March 7, 2011, Cross notified Plaintiff that one of the co-lenders, Dennis Raggi ("Raggi"), had offered to loan $200,000 at 14% annualized interest to address the unpaid taxes and other certain charges (including, but not limited to, unpaid Cross assessments) for The Property. Cross indicated in this e-mail that it would soon be soliciting ballots from the Binford investors to determine whether to foreclose, to pay the deliquent taxes, and to accept Raggi's proposal.

13. On or about April 12, 2011, Cross notified Plaintiff that Schmidt had submitted a letter of intent regarding a joint venture proposal and that Plaintiff and the other Binford investors could vote on it if--and only if--Raggi's proposal was turned down by a majority of Binford investors. That notification indicated that Raggi's loan would be a non-recourse loan, but that all of the Binford investors, including Plaintiff, would have to agree to subordinate their first position to Raggi: "Mr. Raggi's loan will prime your 1st position in Binford (you will agree to subordinate your 1st position to him if you agree) and it is anticipated he will be repaid 1st out (sic) proceeds prior to distributions to Direct Lenders."

14. Plaintiff is vehemently opposed to the Raggi proposal and, therefore, is in imminent danger of having money taken from him by Cross and of his ownership interest in his real property diluted, transferred, and possibly divested without his consent or compensation for his interest. He therefore requires immediate intervention by this Honorable Court to avoid suffering such irreparable harm.

/ / / / /

4

## FIRST CLAIM FOR RELIEF

## (Conversion)

15. Plaintiff incorporates by this reference each and every allegation contained in Paragraphs 1 through 14 above.

16. Plaintiff is the owner of his fractionalized interest in The Loan and The Property.

17. Cross has taken, or is threatening to take, Plaintiff's possession and ownership of his personal property (money) and convert it to their own use. Cross is doing so intentionally in order to wrongfully exercise dominion over Plaintiff's personal property in denial of, or inconsistent with, Plaintiff's title or rights therein or in derogation, exclusion, or defiance of such title or rights. These actions constitute conversion under Nevada law. Evans v. Dean Witter Reynolds, Inc., 116 Nev. 598 (2000).

18. Cross's conversion of the above-mentioned personal property to their own use is unlawfulpersonal . And purporting to do so under authority of NRS § 645B.340 does not insulate Cross from its illegal actions because as explained, infra, that statute is unconstitutional on several grounds.

19. Cross' actions as hereinabove set forth constitute the common law tort of conversion, for which Plaintiff is entitled to injunctive relief in order to protect Plaintiff's personal property interest.

WHEREFORE, Plaintiff prays for judgment under his First Claim For Relief as follows:

1. For a preliminary and permanent injunction against Cross preventing them from keeping monies for alleged unpaid service fees that they are about to collect or, alternatively, if Cross has indeed collected monies due and owing to Plaintiff, an injunction compelling Cross to pay Plaintiff the monies due and owing to him relating to the alleged loan servicing fees;

2. For reasonable attorneys' fees and costs of suit; and

3. For such other and further relief as the Court may deem just and equitable.

/ / / / /

/ / / / /

## SECOND CLAIM FOR RELIEF

### (Violation of the Equal Protection Clause Under the Fourteenth Amendment to the United States Constitution)

20. Plaintiff incorporates by this reference each and every allegation contained in Paragraphs 1 through 19 above.

21. NRS § 645B.340 violates the Federal Equal Protection Clause, facially and as applied, by disallowing some citizens (minority beneficial interest owners in loans subject to Nevada regulation) access to courts if a majority of beneficial interest owners in a particular loan vote not to judicially enforce the rights of all beneficial interest owners--for example, not to sue Schmidt on his Personal Guarantee. This is a fundamental right enjoyed by every citizen of the United States. Plaintiff is a citizen of the United States and, as such, has a perfect constitutional right to sue or not sue in state and/or federal courts as he chooses, and an equality of rights with every other citizen, regarding his basic property rights. The State of Nevada has no power or right to enact a statute that compels Plaintiff to cringe to any superior, to seek permission from a third party, or to pray for any act of grace or consent, as a means of enjoying all the rights and privileges enjoyed by other citizens. This is a discriminatory classification that violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Violation of the due Process Clause of the Fourteenth Amendment to the United States Constitution and Article 4, Section 1 of the Constitution of the State of Nevada)

22. Plaintiff incorporates by this reference each and every allegation contained in Paragraphs 1 through 21 above.

23. NRS § 645B.340 also violates the Due Process Clause of the Fourteenth Amendment to United States Constitution and Article 4, Section 1 of the Constitution of the State of Nevada, facially and as applied, because it impermissibly delegates essential legislative authority over mortgage brokering and lending activity regarding fractionalized loans to private citizens without any guidelines or standards designed to prevent the arbitrary, unbridled, and discriminatory

exercise of that power over Plaintiff and other private citizens similarly situated. Moreover, the Statute is so vague and broad that men of common intelligence must necessarily guess at its meaning and differ as to its application; and the needed specificity has not been supplied by judicial interpretation.

**FOURTH CLAIM FOR RELIEF**

**(Violation of the Due Process Clause of the Fifth Amendment to the**

**United States Constitution and Article 1, Section 8(5) of the**

**Constitution of the State of Nevada)**

24. Plaintiff incorporates by this reference each and every allegation contained in Paragraphs 1 through 23 above.

25. NRS § 645B.340 also violates the Due Process Clause of the Fifth Amendment to the United States Constitution and Article 1, Section 8(5) of the Constitution of the State of Nevada because it deprives Plaintiff, and others similarly situated, of his property without due process of law, such as being forced to encumber and/or subordinate his ownership interest in property to another person without his knowledge and/or consent.

**FIFTH CLAIM FOR RELIEF**

**(Violation of the Taking Clause (Article 1, Section 10, Clause 1)**

**of the United States Constitution)**

26. Plaintiff incorporates by this reference each and every allegation contained in Paragraphs 1 through 25 above.

27. NRS § 645B.340 also violates the Takings Clause (Article I, Section 10, Clause 1) of the United States Constitution because it applies retroactively to fractionalized loans outstanding as of the date of enactment (2009) and, thus, impairs Plaintiff's contractual rights and obligations created when The Loan was funded in 2005.

WHEREFORE, Plaintiff prays for judgment under his Second, Third, Fourth, and Fifth Claims For Relief as follows:

1. For a declaration stating that NRS § 645B.340 is unconstitutional, both facially and as applied, because it violates the Equal Protection Clause under the Fourteenth Amendment to

the United States Constitution;

    2.    For a declaration stating that NRS § 645B.340 is unconstitutional, both facially and as applied, because it violates the Due Process Clause under the Fourteenth Amendment to the United States Constitution and Article 4, Section 1 of the Constitution of the State of Nevada;

    3.    For a declaration stating that NRS § 645B.340 is unconstitutional, both facially and as applied, because it violates the Due Process Clause of the Fifth Amendment to the United States Constitution and Article 1, Section 8(5) of the Constitution of the State of Nevada;

    4.    For a declaration stating that NRS § 645B.340 is unconstitutional, both facially and as applied, because it violates the Takings Clause (Article I, Section 10, Clause 1) of the United States Constitution;

    5.    A preliminary and permanent injunction against Cross preventing them from transferring, subordinating, or in any way encumbering or diluting Plaintiff's fractional ownership interest in The Loan and The Property;

    6.    Reasonable attorney's fees and costs of suit pursuant to 42 U.S.C 1988; and

    7.    For such other and further relief as the Court may deem just and equitable.

DATED this 27th day of April, 2011.

/s/ Jason G. Landess  
Jason G. Landess, Esq.  
Nevada Bar No. 288  
7054 Big Springs Court  
Las Vegas, NV 89113  
(702) 232-3913

/s/ Ulrich W. Smith  
Ulrich W. Smith, Esq.  
Nevada Bar No. 2274  
3990 Vegas Drive  
Las Vegas, NV 89108  
(702) 258-7557